. C. P. Miller et al. *vs.* Northern Bank of Mississippi.

Where A., as the agent of a bank, presented an account for money alleged to
have been advanced by the bank to a firm, to one of the members of the
firm, and requested payment, who at the time looked at the account, and said
that they (the firm) had some money then in the house, which he could pay
on the account, but he would rather the agent would wait a few days until
his (B.'s) father (a member of the firm) returned home, &c., and no objec-
tion was raised by B. to the account: *Held*, that this was not a sufficient
acknowledgment of the account, as to justify a jury in rendering a verdict in
favor of the plaintiff for the amount of the account.

B.'s not objecting to the account amounts to nothing, unless it should appear
that he was cognizant of the transaction, and it would seem that he knew
nothing of the transaction.

In error from the circuit court of Tippah county; Hon. Hugh
R. Miller, judge.

The facts of the case are contained in the opinion of the
court.

*Swann* and *Jackson*, for appellants.

*Clapp* and *Strickland*, for appellee.

One of the members of the firm said the account would be
settled, and raised no objection to the account when it was pre-
sented to him, and this proof we contend was sufficient to
warrant the finding of the jury. In cases even where there is
a conflict of testimony, this court has repeatedly held, that the
verdict will not be disturbed, unless a great preponderance of
testimony appear against it. *Ellzy* v. *Stone*, 5 S. & M. 21;
*Watson* v. *Dickens*, 12 Ib. 608; *Fisher* v. *Leach*, 10 Ib. 313.
And this is the rule even in criminal cases. *Cicely* v. *The
State*, 13 S. & M. 403.

The question to be decided by this court is, not, Is the ver-
dict clearly right? but, Is it manifestly wrong? *Waul* v. *Kirk-
man*, 13 S. & M. 599.

From all that appears in the case as reported, the proof in
this case is stronger than in the case of *Peck* v. *Thompson*, 1

Cushman, 368, where the verdict of the jury was upheld by this court; and we have no doubt the judgment of the court below, in overruling a motion for a new trial, will be affirmed.

Mr. Justice FISHER delivered the opinion of the court.

This was a suit brought by the plaintiffs below in the circuit court of Tippah county, upon an account for money alleged to have been advanced by the bank to the defendants below.

The question for decision is, whether the evidence introduced on the trial before the jury, is sufficient to uphold the verdict, which they found in favor of the plaintiffs for the full amount alleged in the declaration and interest on said sum.

The teller of the bank proves that he made the charge of the money in the books of the bank, under the direction of the cashier; that witness afterwards visited Ripley, the place of business of the defendants, and there met with the defendant, O. R. Miller, and presented to him the account sued on, and requested payment; that said O. R. Miller "looked at the account, and said that they (the defendants) had some money then in the house, which he could pay on the account, but he would rather witness would wait a few days until his father, C. P. Miller, returned home, who was then absent at the east; that he was then looking for him home, and expected he would come through Holly Springs, the place of business of the Northern Bank, and settle the matter; that O. R. Miller, one of the defendants, examined the account, and made no objections to it." The witness further states, that he did not see the money paid to the defendants.

It will be perceived, that the whole case must turn upon the supposed admissions of O. R. Miller, the junior member of the firm, as to the correctness of the account. Taking his whole statement together, it is clear that he knew nothing concerning the account. He declined paying on it the money, which he then had in the house, until he could see his father; evidently meaning thereby that he did not know, of his own knowledge, whether the account was correct or not; and that his father must decide this question, before he, the son, would venture to make a payment. His not objecting amounts to nothing, un-

less it should appear that he was cognizant of the transaction. The whole evidence shows that he knew nothing on the subject, and must learn the nature of the transaction from his father, before acting in the premises.

We are therefore of opinion, that the evidence was not sufficient to sustain the verdict, and that a new trial ought to be granted.

Judgment reversed, and new trial granted.